Shaw, C. J.*
This is a bill in equity, brought to enforce the execution of a trust against the defendants, Jesse Pierce and Edmund J. Baker,' executors and trustees, under the will of Patience H. Lillie, deceased, and also against John and Mary Anna Lillie, infants, under twenty-one years of age, children of Daniel T. Lillie, deceased. The facts are not contested, and the question depends solely upon the construction of the will of Patience H. Lillie. Her will was duly executed on the 7th of November, 1834, and she died on the 7th of July, 1836. John and Daniel T. were her brothers. Daniel died on the 30th of June, 1849, leaving the two infant defendants his only children. No part of the *567 income of the fund hereinafter mentioned was paid to Daniel for his support.
Patience H. Lillie, by her will, first bequeathed to Pierce and Baker, in trust, five thousand dollars, with special directions in regard to the investment of it. Of $2,000 of this fund she declares trusts in favor of her sisters-, with a reversionary interest in part of it to John and his children. Of $1,500, another part of it, she declares trusts in favor of John and his children, giving the income to him, and the principal, after his decease, to his children. Then comes the clause on which the question arises, which is as follows: “ It is furthermore my will that fifteen hundred dollars of the sum above by me bequeathed to my said trustees shall be kept on interest, and the interest thereof yearly added to the principal, until the decease of Daniel T. Lillie, and at his decease the said principal sum and the accumulated interest shall be paid over to his children, if he leave any, in equal portions, and that if he die leaving no children, said principal sum and interest shall be paid over to the children of John Lillie, as in the case hereinbefore mentioned. It is my will, however, that if it becomes absolutely necessary to the comfort of said Daniel T. Lillie, that he should receive a part or the whole of said income, my trustees may apply the same to his support. If, however, the said John Lillie shall outlive the said Daniel T. Lillie, it is my will that my said trustees and their successors in said ta ust shall pay to said John Lillie, as often at least as once a year, the interest and income of the sum that is hereinbefore bequeathed to said Daniel T. Lillie, during said John’s life, and at his decease that said principal sum shall be disposed of as above directed. Notwithstanding all that is above directed, it is nevertheless my will that if, in' the judgment of my said trustees or their successors in said trust, it shall hereafter become indispensable to the personal comfort of said John Lillie or of said Daniel T. Lillie, that he should receive more than the interest and income of the sum above bequeathed in trust, for his benefit, then my said trustees or their successors in said trust shall take from the principal sum aforesaid as much as shall be necessary for the personal com *568 fort of the said John or said Daniel T., or of both, and apply the same to his or their support and comfort, and the residue which may be left, if any, at his or their decease, shall be paid over as hereinbefore directed.”
It is difficult to ascertain, with entire satisfaction, what the testatrix intended; for though the general purpose is obvious, it is modified by a reference to so many contingencies, that in some respects it is obscure. The general plan of the will seems to have been, after providing for the sisters, to appropriate $1,500 out of the fund to John and his family, and the like sum to Daniel and his family, but in different modes, adapted probably to their respective conditions. The income of John’s $1,500 was to be paid to him annually; that of Daniel’s was to accumulate. The contingency of John’s dying without issue is not provided for; but if Daniel should die without children, then his $1,500 was to go to John and his children. Even this was made subject to another contingency, that of Daniel’s needing the income, and even the principal, for his support and personal comfort during his life; a remote contingency, which it is manifest the testatrix did not expect would happen, and which in fact did not happen. The fund, therefore, was permitted to accumulate, according to the expectation of the testatrix, and had more than doubled at the time of Daniel’s death. This accumulation is the. principal subject of controversy. It depends upon two clauses. First, the testatrix directs, without declaring any express trust in favor of Daniel, that $1,500 shall be placed at interest, to accumulate during his life; “ and at his decease the said principal sum, and the accumulated interest, shall be paid over to his children, if he leave any, in equal portions, and if he die leaving no children, said principal sum and interest shall be paid over to the children of John, as in the case hereinbefore mentioned; ” that is, as the $1,500 for John and his family. This, if it stood alone, would be perfectly clear and intelligible. But the will goes on to provide for the contingency, that Daniel may need a part or the whole of the income for his support. Then comes the clause on which the question arises: “ If, however, the said John Lillie shall *569 outlive the said Daniel T. Lillie,” said trustees “ shall pay to said John Lillie, as often at least as once a year, the interest and income of the sum that is hereinbefore bequeathed to said Daniel T. Lillie, during said John’s life, and at his decease, that said principal sum shall be disposed of as above directed; ” that is, to John’s children.
Under this clause, the plaintiff, having survived Daniel, claims the $1,600 which had accumulated, as interest. This claim is not strenuously urged, and seems to us wholly untenable. The interest to be paid to John, in the contingencies mentioned, is to be paid as often as once in a year, which clearly limits it to the accruing interest.
A much more plausible claim of the plaintiff is, that the interest accumulated at Daniel’s decease shall be deemed part of the fund, the accruing interest of which shall go to John during his life. But taking all the clauses of this will together, as we are bound to do, we think such is not the true construction.
The first obvious intent of the testatrix was, that on the death of their father, Daniel’s children should have the provision intended for them. Such are the express words. But they are modified by the subsequent words, “ if John outlive Daniel.” But such first and obvious purpose is not to be modified further by the subsequent clause than the terms of it require. There is some ground to induce the belief, that the testatrix, in this clause, intended the contingency of Daniel’s dying in the lifetime of John, leaving no issue, then the income would go to John for life, and the principal to his children after his decease. But the words do not admit of it; the words are, if John shall outlive Daniel, then to pay John annually, during his life, the interest and income of the sum that is hereinbefore bequeathed to said Daniel. This, we think, limits the sum, the interest of which is payable to John, to the $1,500 bequeathed, and leaves the accumulated interest, $1,600, to go to the children of Daniel at the decease of their father, according to the original provision of the will, modified by the subsequent clause. The effect of this construction is, that the trustees must retain *570 the $1,500 appropriated to Daniel, and pay the interest of it to the plaintiff during his life, and at his decease, said principal will remain to be disposed of as above directed, namely, to the children of Daniel.
A. Churchill, for the plaintiff.
There was no appearance for the defendants.

Decree accordingly.

 Metcalf, J. did not sit in this case.